L. K. CHASE v. THE BANK OF HORTON.
No. 567.*    ( 59 Pac. 39.)

1. STOCKHOLDER'S LIABILITY —*Dissolution of Corporation—Limitation of Action.*   A right of action in favor of a creditor of a corporation against a stockholder thereof, to enforce the constitutional liability of such stockholder, accrues only upon the dissolution of the corporation, as provided by section 49 of chapter 66, General Statutes of 1897 (Gen. Stat. 1899, § 1272). Suspension of business for more than one year is equivalent to dissolution for such purposes under the provisions of section 45 of said chapter. The statute of limitations does not begin to run against such action until such dissolution, or the occurring of such facts as are equivalent thereto.

* Petition for order to certify denied by supreme court February 3, 1900.—REP.

2. ———— *Evidence—Conflicting Special Findings.* Where the findings of a jury upon an issue material to the decision of a case are wholly irreconcilable, a general verdict should be set aside and a new trial awarded.  It is not necessary to maintain an action under the provisions of section 49 that a creditor's claim should be reduced to judgment.  Proof that the corporation is indebted to the plaintiff is all that is required.

Error from Brown district court; R. M. EMERY, judge.  Opinion filed November 20, 1899.  Reversed.

*Jas. Falloon*, for plaintiff in error.

*Ryan, Davis & Reeder*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. :  This was an action by the Bank of Horton to charge Chase as a stockholder in the Willis Grain and Mill Company, a corporation.  There was a judgment for the bank, and Chase prosecutes this proceeding in error to reverse that judgment, and contends that the court erred in three particulars, the first of which was in not holding that the action was barred by the statute of limitations.  It is contended under this assignment that a cause of action accrues to the creditor of a corporation against a stockholder at the time the corporation ceases to do business.  In this we are clearly of the opinion that counsel is mistaken.  The liability is purely statutory, and the circumstances under which it can be maintained are prescribed by the statute.  A creditor of a corporation may sue a stockholder directly, as in this case, when the corporation is dissolved.  The statute further provides when and how a corporation is dissolved for the purpose of enabling such suit to be brought.  In this case the action did not accrue to the bank until one year after the Willis Grain and Mill Company ceased to do business.  The statute

does not provide that a resolution of the stockholders can create such a dissolution as to enable a suit to be brought.    It is not one of the conditions specified in the statute.    The statute of limitations begins to run either at the time of the dissolution by expiration of its charter or a judgment of dissolution, or at the end of one year from the time it ceased to perform the functions of a corporation.

The next assignment of error is that the court refused to allow the plaintiff in error a credit for money paid by him on account of an obligation of the grain and mill company.    Upon this question of the right of the defendant to this credit the special findings of the jury are conflicting.    In two of the findings they say that the corporation did not assume for a valuable consideration the payment of the debt which Chase claims he paid for it.    The note evidencing the debt was signed by the corporation prior to the incorporation of the company.    In another finding they say that after the makers of the note incorporated themselves into a company the company took the property and assumed the obligations of the prior copartnership. So the findings are irreconcilable.    The jury seem to have been misled by one of the court's instructions to the effect, though not exactly in express terms, that in addition to the taking of the property of the copartnership there must be an express consideration for the assumption of the debt.    If the assumption of the debts by the corporation was a part of the entire transaction by which the corporation acquired the copartnership property, no additional consideration was necessary to sustain the contract of assumption.    In such cases the supreme court has held that a new trial must be awarded.

The next contention is with respect to the judg-

ment which was offered as evidence of the indebtedness of the grain and mill corporation to the bank. There was sufficient evidence to establish the fact that the grain and mill company did owe the bank in an amount greater than any possible obligation of Chase as a stockholder. It was not necessary that it should be reduced to judgment, as it is under the other section of the statute providing for execution against the stockholder thereon in case execution against the corporation is returned unsatisfied. Any legal evidence, uncontradicted, sufficient to establish *prima fácie* a debt, is all that the statute requires.

The judgment will be reversed, and the case remanded with directions to the district court to award defendant a new trial.

McElroy, J., concurring.

Wells, J. (dissenting): I concur in the correctness of the syllabi as propositions of law, but dissent from the judgment rendered.